UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| MICHAEL FRIDMAN, individually and on behalf of all others similarly situated, *Plaintiff*, v. NATIONAL DOCUMENT PROCESSING, LLC, a California company, *Defendant.* | Case No. **CLASS ACTION** |

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Michael Fridman brings this class action under the Telephone Consumer Protection Act and California Invasion of Privacy Act against Defendant National Document Processing, LLC d/b/a National Student Loans, to stop National Student Loans from making unauthorized pre-recorded voice message calls promoting its debt reduction services, and from recording incoming consumer calls without consent, and to obtain redress for all persons similarly injured by its conduct. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

### NATURE OF THE ACTION

1. This case challenges Defendant's practice of making unauthorized pre-recorded voice message calls to consumers promoting its debt reduction services, and its practice of recording incoming consumer calls without consent.

2. Defendant's unsolicited pre-recorded voice message calls violated the Telephone Consumer Protection Act, 47 U.S.C. § 227, and Defendant's recording of incoming calls without

1

consent violated the California Invasion of Privacy Act, California Penal Code § 630, *et seq.* ("CIPA"), causing Plaintiff and putative members of the Classes to suffer actual harm, including aggravation, nuisance, loss of time, and invasions of privacy, lost value of cellular services paid for, and a loss of the use and enjoyment of their phones, including wear and tear to their phones' data, memory, software, hardware, and battery components, among other harms.

3.  Accordingly, Plaintiff seeks an injunction requiring Defendant to cease making unsolicited pre-recorded voice message calls to consumers, and to cease recording incoming calls without consent, as well as an award of actual and/or statutory damages and costs.

### PARTIES

4.  Plaintiff Fridman is, and at all times relevant to the allegations in the complaint was, a Miami-Dade County, Florida resident.

5.  Defendant National Document Processing, LLC, is a California company headquartered in Irvine, California.

### JURISDICTION & VENUE

6.  This Court has federal question subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"). This Court has supplemental jurisdiction over Plaintiff's CIPA claim pursuant to 28 U.S.C. § 1367(a), because the CIPA claim arises out of the same facts and circumstances as Plaintiff's TCPA claim.

7.  The Court has personal jurisdiction over Defendant and venue is proper in this District because National Student Loan's unauthorized marketing scheme was directed by Defendant into this District, including to Plaintiff.

## FACTUAL ALLEGATIONS

8. National Student Loans is a company that provides debt reduction services.

9. To increase its sales, and as part of a general cold call based marketing scheme, Defendant markets its services using pre-recorded voice message calls to consumers.

10. This case arises from National Student Loans's unsolicited pre-recorded voice message calls to Plaintiff and other consumers.

11. On March 29, 2019 at approximately 11:57 am eastern, National Student Loans called Plaintiff from phone number 909-589-5231 using a pre-recorded voice message, without Plaintiff's consent. The pre-recorded voice message stated that it was from "Susan Nelson … in reference to [Plaintiff's] federal student loan." The pre-recorded message requested a call back to telephone number 866-834-1199.

12. Plaintiff does not have any student outstanding student loans.

13. When Plaintiff called back 866-834-1199, an agent named "Christian" attempted to obtain Plaintiff's personal financial and other identifying information and to sell Plaintiff National Student Loans's debt reduction services.

14. On information and belief, although "Christian" did not in any way indicate that Plaintiff's call back to telephone number 866-834-1199 was being recorded, National Student Loans was in fact recording Plaintiff's inbound call during which it was requesting his personal financial and other identifying information.

15. Not surprisingly, there are myriad online complaints regarding National Student Loans, including complaints protesting Defendant's unsolicited pre-recorded voice messaging and noting its call recording practices:



[1]

**********

09/28/2018

I am dumb it was too good to be true. They lied when they called me the first time. National Student Loans said that 6 payments of 199.99 and then 12 payments of 39.99 would go towards my student loans, and the rest would be forgiven. Doing further research and calling the company and 400 dollars later, i found out it was just a debt consolidation company, which I couldve gotten done for free. Tried contacting them to cancel before they took any more of my money, they said they need to wait for a manager. Dont believe any company that says they can forgive ur student loans.



**National Student Loans Response**      10/04/2018

These statements are all false. After reviewing the recorded call and compliance recording we do on every call for this very reason we clearly state that the first 6 payments are going towards the enrollment and document preparation fee's not towards your student loans do you understand and she states "Yes." Although we have done noting wrong like this clients states nor did we mislead in anyway we will issue a full refund for the services completed.

[2]

16. Defendant's unsolicited call was a nuisance that aggravated Plaintiff, wasted his time, invaded his privacy, diminished the value of the cellular services he paid for, caused him to

---

[1] https://who-calledme.com/Number/909-589-5231

[2] https://www.bbb.org/us/ca/irvine/profile/student-loan-services/national-student-loans-1126-172011693/complaints

4

temporarily lose the use and enjoyment of his phone, and caused wear and tear to his phone's data, memory, software, hardware, and battery components.

17. Defendant's recording of Plaintiff's inbound call also invaded Plaintiff's privacy, particularly because Plaintiff reasonably expected that a call during which his personal financial and other identifying information were requested would not be recorded unless he consented.

18. On information and belief, Defendant, or a third-party acting on its behalf, made unsolicited, pre-recorded voice message calls to thousands of consumers soliciting their purchase of debt reduction services, and recorded these consumers inbound calls without consent.

19. Accordingly, Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of herself and all others similarly situated and seeks certification of the following Classes:

> **TCPA Class**: All persons who, on or after four years prior to the filing of the initial complaint in this action, (1) received a pre-recorded voice message call, (2) made by or on behalf of National Student Loans, (3) regarding pre-existing loans, and for whom (4) National Student Loans does not claim to have obtained prior express written consent, or claims to have obtained prior express written consent in the same manner it claims to have obtained prior express written consent from Plaintiff.
>
> **CIPA Class**: All persons who, or of after one year prior to the filing of the initial complaint in this action, made a call to National Student Loans that was recorded without notice.

20. The following individuals are excluded from the Classes: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Classes; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released. Plaintiff anticipates the

need to amend the class definitions following appropriate discovery.

21. **Numerosity**: The exact size of the Classes is unknown and unavailable to Plaintiff at this time, but it is clear that individual joinder is impracticable. On information and belief, Defendant made unsolicited prerecorded voice message calls to and recorded inbound calls from thousands of individuals who fall into the Class definitions. Class membership can be easily determined from Defendant's records.

22. **Typicality**: Plaintiff's claims are typical of the claims of the other members of the Class. Plaintiff is a member of the Classes, and if Defendant violated the TCPA and CIPA with respect to Plaintiff, then it violated the TCPA and CIPA with respect to the other members of the Classes. Plaintiff and the Class sustained the same damages as a result of Defendant's uniform wrongful conduct.

23. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Classes, and those questions predominate over any questions that may affect individual members of the Classes. Common questions for the Classes include, but are not necessarily limited to the following:

   a) How Defendant gathered, compiled, or obtained the telephone numbers of Plaintiff and the TCPA Class;

   b) Whether Defendant's calls were made for the purpose of marketing Defendant's products and/or services;

   c) Whether Defendant made some or all of the calls without the prior express written consent of Plaintiff and the TCPA Class;

   d) Whether Defendant recorded incoming calls without notifying Plaintiff and the CIPA class; and

   e) Whether Defendant's conduct was willful and knowing such that Plaintiff and the TCPA Class are entitled to treble damages.

24. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Classes and has retained counsel competent and experienced in complex class actions. Plaintiff has no interest antagonistic to those of the Classes, and Defendant has no defenses unique to Plaintiff.

25. **Policies Generally Applicable to the Class**: This class action is appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Classes, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Classes, and making final injunctive relief appropriate with respect to the Classes. Defendant's practices challenged herein apply to and affect the members of the Classes uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Classes, not on facts or law applicable only to Plaintiff.

26. **Superiority**: This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy given that joinder of all parties is impracticable. The damages suffered by the individual members of the Classes will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the individual members of the Classes to obtain effective relief from Defendant's misconduct. Even if members of the Classes could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this case. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

## FIRST CAUSE OF ACTION
### Violation of 47 U.S.C. § 227
### (On Behalf of Plaintiff and the TCPA Class)

27. Plaintiff repeats and realleges the allegations of paragraphs 1 through 26 of this complaint and incorporates them by reference.

28. Defendant and/or its agents made unsolicited calls to Plaintiff and the other members of the TCPA Class using a pre-recorded voice message.

29. Defendant made these pre-recorded voice message calls *en masse* without the consent of Plaintiff and the other members of the TCPA Class.

30. Defendant has, therefore, violated 47 U.S.C. § 227(b)(1). As a result of Defendant's conduct, Plaintiff and the other members of the TCPA Class are each entitled to a minimum of $500 in damages, and up to $1,500 in damages, for each violation.

## SECOND CAUSE OF ACTION
### Violation of California Penal Code § 630
### (On Behalf of Plaintiff and the CIPA Class)

31. Plaintiff repeats and realleges the allegations of paragraphs 1 through 26 of this complaint and incorporates them by reference.

32. Defendant and/or its agents intentionally recorded Plaintiff and the other members of the CIPA Class's incoming calls.

33. Defendant recorded these calls without obtaining Plaintiff's and the other members of the CIPA Class's consent.

34. By recording these calls, Defendant invaded Plaintiff's and members of the CIPA Class's privacy, particularly because consumers reasonably expect that a call during which they were requested to provide their personal financial and other identifying information would not be recorded unless they consented.

35. Defendant has, therefore, violated California Penal Code § 630, *et seq*. As a result of Defendant's conduct, Plaintiff and the other members of the CIPA Class are each entitled to $5,000 in damages for each violation.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Fridman, individually and on behalf of the Classes, prays for the following relief:

a) An order certifying this case as a class action on behalf of the Classes as defined above, and appointing Plaintiff as the representative of the Classes and his counsel as Class Counsel;

b) An award of actual and/or statutory damages and costs;

c) An order declaring that Defendant's actions, as set out above, violate the TCPA;

d) An injunction requiring Defendant to cease all unsolicited pre-recorded voice message calling activity, and to otherwise protect the interests of the TCPA Class;

e) An order declaring that Defendant's actions, as set out above, violate the CIPA;

f) An injunction requiring Defendant to cease recording calls without consent, and to otherwise protect the interests of the CIPA Class; and

g) Such further and other relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff Fridman requests a jury trial.

Dated: March 29, 2019.

/s/ *Avi Kaufman*
Avi R. Kaufman (FL Bar no. 84382)
kaufman@kaufmanpa.com
Rachel E. Kaufman (FL Bar no. 87406)
rachel@kaufmanpa.com
KAUFMAN P.A.
400 NW 26th Street
Miami, FL 33127
Telephone: (305) 469-5881

*Counsel for Plaintiff Michael Fridman
and all others similarly situated*